IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: 23-cv-62283

WINSOME HENRY,

     Plaintiff,

Vs.

HARTFORD INSURANCE COMPANY
OF THE MIDWEST,

     Defendant.

_____/

## NOTICE OF REMOVAL

COMES NOW, the Defendant, HARTFORD CASUALTY INSURANCE COMPANY ("Hartford"), by and through the undersigned counsel, and pursuant to 28 U.S.C. § 1441(a), to remove an action pending in the Circuit Court of the Seventeenth Judicial Circuit of Florida, in and for Broward County, Florida, styled *Winsome Henry vs. Hartford Insurance Company of the Midwest,* Case No. 2023-020349, and states:

### Timely Notice of Removal

1.    Defendant was served with Plaintiff, Winsome Henry's, breach of contract action on or about November 3, 2023.[1] This Notice of Removal is therefore timely filed within 30 days of formal service upon Defendant, through service of a copy of the initial pleading setting forth a claim for relief pursuant to 28 U.S.C. § 1446(b), and within a year of the filing of the lawsuit.

### Venue

2.    Venue is proper in the United States District Court for the Southern District of

---

[1] See Composite **Exhibit A**, Notice of Service of Process and Complaint.

Florida, Ft. Lauderdale Division, because the state court action and the subject loss originated in Broward County, Florida.

<u>**Jurisdiction**</u>

3.     This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction pursuant to 28 U.S.C. § 1332(a) because citizenship of Plaintiff and Defendant are completely diverse, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendant is therefore entitled to remove this action pursuant to 28 U.S.C. § 1441.

<u>**Complete Diversity Exists**</u>

4.     At the time of the lawsuit and the filing of this Notice of Removal, there was and still is complete diversity of citizenship among all parties named in this action.

5.     Paragraph two of the Complaint alleges that Plaintiff, Winsome Henry, owns the subject property located at 131 NW 46th Avenue, Plantation.[2]

6.     In addition, the policy Declarations indicate that Plaintiff's residence premises is located at 131 NW 46th Avenue, Plantation.

7.     Also, property appraiser information confirms that Plaintiff claims a homestead exemption for the insured property. [3]

8.     Based on the foregoing evidence, Plaintiff is and was a citizen and resident of Florida at all materials times.

9.     Defendant, Hartford, is not a citizen of Florida.  It is not incorporated under the laws of Florida, and does not have its principal place of business in Florida.

---

[2] See **Exhibit A,** the Complaint, ¶2.
[3] See **Exhibit B**, Property Appraiser web page.

10.    Instead, Defendant is incorporated in the State of Indiana with its principal place of business in Hartford, Connecticut.[4]

11.    A corporation is a citizen of any state in which it is incorporated and of the state where its principal place of business is located.  28 U.S.C. §1332(c).  Accordingly, Hartford is a citizen of Indiana and Connecticut.

<u>**Amount in Controversy Exceeds $75,000**</u>

12.    Plaintiff sues Defendant alleging both a breach of an insurance contract and seeks a declaration of coverage for Hartford's alleged failure to pay for claimed property damage on or about June 25, 2022.

13.    The Complaint does not assert the amount of damage claimed in this litigation, but alleges in paragraph one that the damages sought exceed $50,000.[5]

14.    The policy limits are as follows: $271,000 for Dwelling coverage; $27,100 for Other Structures; and $135,500 for Personal Property.

15.    Following the adjustment of this claim, Hartford determined that repair costs for the covered damage did not exceed the policy's applicable deductible.

16.    Plaintiff filed a Notice of Intent to Litigate pursuant to F.S. 627.70152 on or about October 6, 2023, under filing number 147406, demanding payment of $90,252.  The demand is based on a detailed, line-item repair estimate prepared by Peninsula Public Adjusters totaling $82,757.61.[6]  The demand also seeks fees of $7,500.

17.    The Complaint seeks recovery of statutory attorney's fees.[7]

---

[4] See **Exhibit C**, Declaration of Kimberley Dodd.
[5] See **Exhibit A**, the Complaint ¶1.
[6] See **Exhibit D**, Notice of Intent to Litigate numbered 147406 with the attached Peninsula Public Adjusting estimate.
[7] See **Exhibit A,** the Complaint, ¶1819 and the Wherefore Clause.

18.     Accordingly, the claimed damage in dispute exceeds the $75,000 statutory threshold for removal based on Plaintiffs' Notice of Intent to Litigate totaling $90,252, based on a detailed line-item estimate and the claimed attorney's fees of $7,500.

19.     Thus, the statutory threshold amount for diversity jurisdiction, exclusive of any claimed interest and costs, is met.

**<u>Compliance with 28 U.S.C. § 1446</u>**

20.     Defendant files with this Notice, copies of all process, pleadings, and orders served on it, and such other papers that are exhibits, as required by 28 U.S.C. § 1446, and the Local Rules of this Court, including:

Local Rules of this Court, including:[8]

(a)     Summons, service of process and Complaint (with exhibits);

(b)     Complaint;

(c)     Discovery served with the Complaint;

(d)     Defendant's Notice of Appearance and Email Designation; and

(e)     Defendant's Motion for Extension of Time to Respond to the Complaint; and

(f)     The Court's Order on Defendant's Motion for Extension of Time to Respond to the Complaint.

21.     Pursuant to 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and with the Clerk of Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.[9]

Dated this 1st day of December, 2023.

---

[8] See **Exhibit E**, state court filings.
[9] See **Exhibit F**, Certification of Notice of Filing Removal.

BUTLER WEIHMULLER KATZ CRAIG LLP

_[signature]_

TRACY A. JURGUS, ESQ.
Florida Bar No.: 483737
tjurgus@butler.legal
AMY B. FUERTES, ESQ.
Florida Bar No.: 85416
afuertes@butler.legal
Secondary:     phutson@butler.legal
Mail Center:   400 N. Ashley Drive, Suite 2300
               Tampa, Florida  33602
Telephone:     (305) 416-9998
Facsimile:     (305) 416-6848
*Attorneys for Defendant, Hartford Insurance Company of the Midwest*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing instrument was served utilizing CM/ECF on December 1, 2023

to:

Andrew Brodsky, Esq.
Brett L. Schlacter, Esq.
Schlacter Law
1108 Kane Concourse, Suite 305
Bay Harbor Islands, Florida 33154
bls@schlacter.law.com
andrew@schlacterlaw.com
michelle@schlacterlaw.com
*Attorneys for Plaintiff, Winsome Henry*


_____
TRACY A. JURGUS, ESQ.